### HARRY LYLES v. THE STATE.

No. 6677.   Decided February 15, 1922.

Rehearing Denied April 5, 1922.

1.—Burglary—Insanity—Requested Charge—Use of Morphine.

Where, upon trial of burglary, the defendant requested a charge, to the effect that if his mind, at the time of the burglary, was in an unbalanced condition from the use of morphine to the extent that he did not know what he was doing, and did not know the right from the wrong, he should there-

fore be acquitted, which charge was refused, in view of the fact that there was not sufficient evidence to raise the issue, there was no reversible error.

**2.—Same—Rehearing—Practice on Appeal.**

Where the motion for rehearing presented no new matter, the court, after reconsidering the record, overrules the motion.

Appeal from the Criminal District Court of Harris.　Tried below before the Honorable C. W. Robinson.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Stevens & Stevens,* for appellant.

*R. G. Storey,* Assistant Attorney General, and *E. T. Branch,* District Attorney, for the State.

HAWKINS, Judge.—Conviction is for burglary.　Punishment was assessed at five years confinement in the penitentiary.

Only one question is presented for our review.　Appellant requested a special charge to the effect that if his mind at the time of the burglary was in an unbalanced condition from the use of morphine to the extent that he did not know what he was doing and did not know the right from the wrong, he should be acquitted.　This special charge was refused, and it is only necessary for us to determine whether the evidence raises the issue requiring its submittion.

Appellant was charged with the burglary of a house under the control of W. G. Wehrung, and the place of business was known as the "Katy Motor Company."　Another prosecution against appellant is pending in this court in cause No. 6675, and we conclude this place of business was burglarized on more than one occasion..　The evidence upon which appellant urges the pertinency of the requested charge was practically the same in the instant case and that disclosed by the record in No. 6675.　In a review of the latter case we have already reached the conclusion that the evidence was insufficient to raise the issue.　There being practically no difference between the testimony on this point in the two case we have reached the conclusion that the court was not in error in refusing the special requested charge.

The evidence is sufficient to support the conviction, and the judgement of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

April 5, 1922.

HAWKINS, Judge.—The motion for rehearing presents no new matter, but only questions the correctness of our conclusion upon the

insufficiency of the evidence to raise the issue of insanity, or mental capacty of appellant at the time of the commission of the act charged against him as an offense. We are still of the opinion that our former holding in this respect was correct.

The motion for rehearing is overruled.

*Overruled.*